Ms. Marie Martin 209 Trivista Left Hot Springs, AR 71913
Dear Ms. Martin:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed constitutional amendment:
 Popular Name AN AMENDMENT RATIFYING THE EQUAL RIGHTS AMENDMENT TO THE UNITED STATES CONSTITUTION PROPOSED BY CONGRESS IN 1972
 Ballot Title AN AMENDMENT RATIFYING THE EQUAL RIGHTS AMENDMENT TO THE UNITED STATES CONSTITUTION PROPOSED BY CONGRESS IN 1972. THIS BALLOT TITLE ADVOCATES THE POSITION THAT THE 1972 EQUAL RIGHTS AMENDMENT REMAINS VIABLE AND MAY BE RATIFIED, AS AMENDED, IN THE PROPOSAL ADOPTED BY THE UNITED STATES CONGRESS
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to pass on the sufficiency of the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. This process is in aid of Amendment 7 to the Arkansas Constitution, which reserves to the people the power to enact state laws and to propose statewide constitutional amendments. See Ark. Const. amend. 7 ("State Wide Petitions") and U.S. Term Limits, Inc. v.Hill, 316 Ark. 251, 872 S.W.2d 349 (1994). The law provides that the Attorney General may approve and certify or substitute and certify a more suitable and correct popular name and ballot title; or he may reject the entire ballot title, popular name, and petition if he determines that the ballot title or the nature of the issue is presented in such a manner that the ballot title would be misleading. A.C.A. § 7-9-107 (c).
Having reviewed your proposed constitutional amendment, ballot title, and popular name pursuant to this authority, it is my determination that your submission must be rejected because it does not fall within the power of initiative under Amendment 7 to the Arkansas Constitution. As recognized by the Arkansas Supreme Court, Amendment 7 cannot empower the people of the State of Arkansas to initiate any measure that falls outside the powers reserved to the states and their citizens by the United States Constitution. Donovan v. Priest, 326 Ark. 353, 358, 931 S.W.2d 119
(1996). The ratification clause contained in Article V of the United States Constitution provides that all proposals of amendments to the U.S. Constitution must come either from Congress or state legislatures, not from the people. Id. Article V provides in pertinent part:
 The congress, whenever two thirds of both houses shall deem it necessary, shall propose Amendments to this Constitution, or, on the application of the legislatures of two-thirds of the several states, shall call a convention for proposing amendments, which, in either case, shall be valid to all intents and purposes, as part of this Constitution, when ratified by the legislatures of three-fourths of the several states, or by conventions in three-fourths thereof, as the one or the other mode of ratification may be proposed by the congress[.]
U.S. Const., art. V.
In Donovan, supra, the Arkansas Supreme Court enjoined the Secretary of State from placing a voter initiated congressional term limits amendment on the ballot, holding that it was violative of Article V. The court's discussion of several U.S. Supreme Court cases interpreting Article V's ratification clause is helpful in understanding why Amendment 7 to the Arkansas Constitution does not reserve to the Arkansas voters the power to propose or ratify amendments to the United States Constitution. The court summarized two U.S. Supreme Court cases as follows:
 In [Hawke v. Smith No. 1, 253 U.S. 221 (1920)], the Supreme Court determined that a provision of the Ohio constitution extending the referendum to the ratification process of proposed amendments to the United States Constitution was in conflict with Article V. The Court stated that Article V provides for the proposal of constitutional amendments only by votes of two-thirds of both houses of Congress or upon application of the legislatures of two-thirds of the states, "thus securing deliberation and consideration before any change can be proposed." Id. at 226. The Court further stated that "[t]he language of the article is plain, and admits of no doubt in its interpretation. It is not the function of courts or legislative bodies, national or state, to alter the method which the Constitution has fixed." Id. at 227. The Court defined the term "legislatures" as the representative body which makes the laws of the people — not the people themselves. Id. . . . Ultimately, the Court held that Article V only authorized state legislatures (i.e. the law-making bodies themselves) to ratify amendments to the United States Constitution. [Emphasis added.] The Court thus concluded that the people, through the process of initiative and referendum, did not have the same power.
 Two years after the decision in Hawke, the Supreme Court had another occasion to address the ability, or lack thereof, of the people of the states to ratify a proposed amendment to the United States Constitution. In Leser v. Garnett, 258 U.S. 130 (1922), the Court held that any measure which purports to place the power to ratify proposed amendments to the United States Constitution in the hands of the people of the states, and which takes such power away from the state legislatures is unconstitutional because it conflicts with Article V. The Court held:
 [T]he function of a state legislature in ratifying a proposed amendment to the Federal Constitution, like the function of Congress in proposing the amendment, is a federal function derived from the Federal Constitution; and it transcends any limitations sought to be imposed by the people of a State.
Id. at 137 (citations omitted) (emphasis original).
326 Ark. at 365-366.
It is clear from the foregoing that the so-called "direct initiative" under Amendment 7 (id. at 360) does not extend to your proposed amendment, which purports to ratify the proposed Equal Rights Amendment to the U.S. Constitution. I must therefore respectfully decline to certify a popular name and ballot title for this measure.
Sincerely,
MIKE BEEBE Attorney General
MB:cyh